UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JERMAINE O. JOHNSON, | ) | CASE NO. 1:06 CV 1912 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| ELYRIA POLICE DEPARTMENT, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 10, 2006, plaintiff pro se Jermaine O. Johnson filed this action under 42 U.S.C. § 1983 against the Elyria Police Department, Police Chief Michael Melders, Police Officer Mickey Fairbanks, Police Officer Jim Welsch, and Police Officer Lee Franks. In the complaint, plaintiff alleges that the defendants used him as a confidential informant and then failed to honor their agreement. He seeks punitive damages in the amount of $ 1,000,000.00.

## *Background*

Mr. Johnson claims that from October 20, 2004 to February 3, 2004, the defendants encouraged him to engage in illegal activities so that they could apprehend individuals with whom he associated who were suspected of selling controlled substances. He indicates that once the arrests were accomplished, the officers used the plaintiff's illegal activities to convict him. He

claims that this action "violated [his] right to enforce [a] contract which is now known to be 'unconscionable' in its nature from the first instance." (Compl. at 4.) He further alleges that Elyria police officers Lee Franks, Mickey Fairbanks, and Jim Welsch exposed him to danger by allowing the suspects he helped to apprehend to know of his role in their apprehension. He claims they had assured him that his identity would remain a secret unless he had to testify in court. He indicates that the officers then spoke to him and to prison officials and informed them that Mr. Johnson was in fact not a confidential informant and his activities were not being used to assist in the arrest and prosecution of any suspects. Mr. Johnson contends that these actions placed him in a dangerous position and violated his rights under the Eighth and Fourteenth Amendments.

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

As an initial matter, Mr. Johnson fails to state a claim against the Elyria Police Department or its Chief Michael Melders. Police Departments are not sui juris and therefore cannot sue or be sued. Jones v. Ptl. D. Marcum, No. C-3-00-335, 2002 WL 786572 (S.D. Ohio Mar. 11, 2002); Williams v. Dayton Police Dept., 680 F. Supp. 1075 (S.D. Ohio 1987). See also Messer v. Rohrer, No. C-3-95-270, 1997 WL 1764771, n. 9 (S.D. Ohio Mar. 31, 1997). They are merely sub-units of the municipalities they serve. Id. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. See Monell v. Department of Soc. Servs., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Id. at 690; DePiero v. City of Macedonia, 180 F.3d 770, 786 (6th Cir. 1999). The complaint contains no suggestion of a custom or policy of the City of Elryia which may have resulted in the deprivation of a federally protected right of the plaintiff.

Similarly, for an individual supervisor or employer to be found liable for the acts of an employee under § 1983, the acts of the employee must have been in accordance with some official policy or custom or when it can be shown that the supervisor encouraged the specific misconduct or in some way directly participated in it. See Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Again, the complaint contains no suggestion of a

custom or policy of Police Chief Michael Melders which may have resulted in the deprivation of a federally protected right of the plaintiff. There is also no suggestion that Mr. Melders encouraged, acquiesced in, or directly participated in the conduct described in the complaint.

Moreover, Mr. Johnson contends that the defendants improperly used the evidence they obtained through his work as a confidential informant to convict him. A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Johnson's claim that the defendants violated their agreement by seeking his prosecution would call into question the validity of his conviction. Consequently, he must allege that his continued confinement has been declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not included these allegations in his pleading, and therefore, his claim challenging the propriety of his conviction must be dismissed.

Finally, Mr. Johnson contends that the defendants placed him in danger by allowing his identity as an informant to become known. As a general rule, a state's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause. DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 197 (1989). There is an exception to this rule, however, when the plaintiff can demonstrate: "(1) an affirmative act by the state which either created or increased the risk that the plaintiff would be exposed to an act of violence by a third party; (2) a special danger to the plaintiff wherein the state's actions placed the

plaintiff specifically at risk, as distinguished from a risk that affects the public at large; and (3) the state knew or should have known that its actions specifically endangered the plaintiff." Cartwright v. City of Marine City, 336 F.3d 487, 493 (6th Cir.2003); Kallstrom v. City of Columbus, 136 F.3d 1055, 1066 (6th Cir.1998).  In this instance, the state did not create the or increase the danger to Mr. Johnson. Summar v. Bennett, 157 F.3d 1054, 1059 n. 2 (6th Cir.1998)( police disclosure of plaintiff confidential informant's identity for inclusion in indictment of third party did not create or increase the risk of private violence to the plaintiff).  Mr. Johnson's "voluntary decision to become a confidential informant with all the dangers it presented, not to mention his poor decision to fraternize with criminals in the first place," placed him in greater danger than that which is faced by the public at large.  Id.

Moreover, the plaintiff has not experienced an act of violence by a third party as a result of the disclosure of his cooperation with law enforcement.  The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); see Tribe v. Snipes, No. 99-2314, 2001 WL 1141317 (6th Cir. Sept. 17, 2001)(finding that plaintiff's claim the defendants placed him under tremendous stress by keeping him in a housing unit with inmates who threatened him did not state a sufficient injury to satisfy § 1997e.).  Mr. Johnson alleges only that he fears that he will be harmed because the individuals he helped to convict may seek retaliation.  His injuries, at best, are emotional or mental, which cannot support a claim for relief.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.

                                            s/Christopher A. Boyko
                                            CHRISTOPHER A. BOYKO
                                            UNITED STATES DISTRICT JUDGE

DATE: November 22, 2006

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-6-